**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 04-1901

TORAINO PRIDGEN,

Petitioner, Appellant,

v.

JAMES SABA ET AL.,

Respondents, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

---

Before

Selya, Circuit Judge,

Baldock,[*] Senior Circuit Judge,

and Howard, Circuit Judge.

---

Karen Elizabeth Morth for petitioner.
Susan G. Reardon, Assistant Attorney General, with whom Thomas
F. Reilly, Attorney General, was on brief, for respondent.

May 20, 2005

---

[*]Of the United States Court of Appeals for the Tenth Circuit,
sitting by designation.

**Per Curiam**.  Toraino Pridgen and his brother Satron Pridgen were convicted in 1999 in Massachusetts Superior Court of assault and battery with a dangerous weapon.  The convictions followed their joint trial on charges stemming from an early morning shooting at a birthday party in Fitchburg, Massachusetts, on October 25, 1998.  Toraino Pridgen has brought this appeal challenging the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The writ alleged denials of due process in the form of arguments that Pridgen was convicted on legally insufficient evidence, see Jackson v. Virginia, 443 U.S. 307 (1979), and that his joint trial with his look-alike brother (who, in petitioner's view, was asserting an antagonistic defense) rendered his trial fundamentally unfair, see Zafiro v. United States, 506 U.S. 534 (1993).

The parties clash over the appropriate standards of review and whether the joint trial issue is properly before us.  But even if we assume arguendo proper issue preservation and the applicability of petitioner-friendly reviewing standards, we see no error in the district court's denial of the petition. As petitioner recognizes, the conviction was appropriate if a reasonable jury could have found that petitioner was present at the scene of the crime with knowledge that his brother intended to commit the crime and, by agreement, was willing and available to assist his brother if

necessary.  See Commonwealth v. Bianco, 388 Mass. 358, 366 (1983).[1]

Here, the trial evidence warranted such a finding.  There was testimony from which the jury could have concluded that petitioner, shortly after encouraging his brother to shoot another party guest, nodded to his brother just before his brother shot the victim.[2] This testimony tends to establish petitioner's physical presence at the crime scene, his prior knowledge of his brother's mens rea, and his personal intent to support his brother in the contemplated shooting crime.  No more was constitutionally required to ground the conviction.[3]

---

[1]This is not the only theory under which the jury might have convicted petitioner, but it is a theory that is both consistent with the jury instructions and, as we explain, supported by the trial testimony.

[2]To arrive at this conclusion, the jury would have had to find that the victim -- who testified that petitioner shot him after a nod from petitioner's brother -- confused the two.  But there was ample evidence, including evidence that the brothers strongly resembled one another and that the brother was the shooter, to support such a finding.

[3]In presenting his arguments, petitioner makes much of the trial court's refusal to instruct the jury that the defendants' intentions with respect to the man they initially accosted (but did not shoot) properly could be "transferred" to the shooting incident. Petitioner also highlights the trial court's decision to strike the shooting victim's characterization of the nod that preceded the shooting as one of "agreement."  Petitioner seems to infer from these rulings that the earlier assault evidence is largely irrelevant and that any nod was not one of agreement.  But the refusal to give a transferred intent jury instruction is, quite plainly, not tantamount to a determination that the evidence of the initial assault had no relevance to the issues of knowledge and intent raised in this case; to the contrary, the jury remained free to draw from this evidence any conclusions about petitioner's intent and knowledge that were reasonable.  And similarly, the

There also was no constitutional violation in permitting the brothers to be jointly tried.  Petitioner's only developed argument that a severance was constitutionally required proceeds from the premise that there was insufficient evidence to convict petitioner under a joint venture theory -- a premise we have just rejected. Moreover, and in any event, a joint trial in the case of antagonistic defenses violates a defendant's constitutional due process rights only if it compromises a specific trial right of the defendant or if it prevents the jury from making a reliable judgment about guilt or innocence.  See Zafiro, 506 U.S. at 539 (elaborating a severance might be required where evidence is admitted that is probative of a defendant's guilt but admissible only against a codefendant, or where evidence that tends to exculpate a defendant is excluded because of the presence of a codefendant).  And here, petitioner has failed to establish either a deprivation of a specific trial right or that the jury's judgment should be disregarded as unreliable.

For the reasons stated, we **affirm** the denial of petitioner Toraino Pridgen's petition for a writ of habeas corpus.

**So ordered**.

---

striking of the victim's characterization of the nod does not mean that the jury was precluded from inferring for itself that the nod was one of support and that it communicated a promise of assistance if necessary.

-4-